## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EMMETT M. LOCKHART,       :    Civil No. 3:19-CV-02034
                           :
        Petitioner,         :
                           :
        v.                 :
                           :
BARRY SMITH, *et al.*,      :
                           :
        Respondents.     :    Judge Jennifer P. Wilson

## MEMORANDUM

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by Petitioner Emmett M. Lockhart ("Petitioner" or "Lockhart"), a self–represented individual incarcerated at the Houtzdale State Correctional Institution, in Houtzdale, Pennsylvania.  (Doc. 1.)  For the reasons that follow, the petition will be dismissed because the court lacks jurisdiction to consider Lockhart's successive habeas petition in the absence of an order from the United States Court of Appeals for the Third Circuit.

### FACTUAL BACKGROUND & PROCEDURAL HISTORY

On May 12, 2001, a jury convicted Lockhart of first–degree murder, kidnapping, arson, robbery, theft by unlawful taking, abuse of corpse, and five counts of criminal conspiracy.  He was sentenced to life imprisonment without the possibility of parole for the homicide conviction and a concurrent aggregate term of ten to twenty years' imprisonment on the remaining counts.  *Commonwealth v.*

*Lockhart*, 839 A.2d 1157 (Pa. Super. Ct. 2003) (Table, 484 MDA 2002), appeal denied, 584 Pa. 674, 880 A.2d 1237 (2005) (Table, 124 MAL 2005).  He filed his first timely Post Conviction Relief Act ("PCRA") petition on January 13, 2005. The PCRA court granted Lockhart leave to file a petition for allowance of appeal *nunc pro tunc* to the Pennsylvania Supreme Court.  On August 1, 2005, the Pennsylvania Supreme Court denied his petition seeking review on appeal. *Commonwealth v. Lockhart*, 584 Pa. 674, 880 A.2d 1237 (2005) (*per curiam*).

In June 2006, Lockhart filed a timely petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1.)  In that petition, Lockhart raised the following grounds for relief:

1.  The verdict was against the weight of the evidence in that the testimony of the prosecution's key witness, Dontae Chambers, was patently unreliable and contradictory so that any verdict derived therefrom was based on pure conjecture and speculation;

2.  In the absence of any evidence that Mr. Lockhart actively participated in conspiracy to murder, kidnapping, and robbery was insufficient to render Mr. Lockhart guilty of the crime;

3.  Mr. Lockhart averse (sic) that favorable exculpatory evidence that State failed to disclose to defendant would have made a different result "reasonably probable" in a capital murder prosecution, and thus nondisclosure of evidence was a *Brady* violation;

2

4.      Mr. Lockhart maintains his innocence and seeks an acquittal or new trial because Mr. Lockhart's capital murder conviction violateded (sic) the Due Process Clause of the Fourteenth Amendment, where the State prosecution (Mr. Keating) knowingly used perjured testimony from its chief witness (Dontae Chambers) during trial to obtain a tainted conviction;

5.      Mr. Lockhart averse (sic) that the Commonwealth's use of preliminary and trial hearing testimony of Dontae Chambers, in light of Commonwealth's witness (Mr. Chambers) invocation of privilege against self-incrimination based upon fear of perjury charges, denied Mr. Lockhart the right to confront and cross-examine his accuser, in violation of the Sixth Amendment to the United States Constitution and Article I § 9 of the Pennsylvania Constitution;

6.      The trial court erred in refusing to allow Dontae Chambers to invoke his constitutional privilege against self-incrimination before the jury and informing them that he had been granted "transational (sic) immunity" for his perjured testimony at the Commonwealth's request, when such evidence would have placed Mr. Chambers' direct testimony in the properly evaluation his credibility; and

7.      The trial court's general instructions on accomplice liability permitted the jury to convict Mr. Lockhart of murder of the first degree without proof beyond a reasonable doubt that he possessed the specific intent to kill. All previous counsels were ineffective; trial counsel for failing to object and appellate PCRA counsel for failing to raise and preserve prior counsel's ineffectiveness.

*See Lockhart v. Patrick*, No. 3:CV-06-1291, 2014 WL 4231233, at \*9–10 (M.D.

Pa. Aug. 26, 2014), *cert. of appealability denied,* C.A. No. 14-4081 (3d Cir., Jul. 1,

3

2015).  On August 26, 2014, the court denied Lockhart's petition, concluding that his fourth, fifth and seventh grounds for relief were procedurally defaulted and his remaining grounds were meritless.  *Id*., at \*15–28.  On July 1, 2015, the United States Court of Appeals for the Third Circuit denied Lockhart's request for a certificate of appealability.  *Lockhart v. Sup't Houtzdale SCI*,  C.A. No. 14–4081 (3d Cir. Jul. 1, 2015).

On May 18, 2014, Lockhart filed a PCRA petition with the Court of Common Pleas of Cumberland County alleging the discovery of exculpatory evidence, previously unavailable, that would have changed the outcome of his case had it been presented at trial.  Specifically, on April 18, 2014, Lockhart learned of a witness, Michelle Greer, who would testify that the Commonwealth's lead witness, Dontae Chambers, was in her company the night Sydney Bull, a Shippensburg University student, was murdered.  Given this latest information, Chambers could not have witnessed Lockhart and his co–defendant, Matthew Norris, murder Bull as Chambers testified to at their joint trial.  (Doc. 1.) Following an evidentiary hearing, the PCRA court dismissed Lockhart's petition on December 18, 2014.  The Superior Court affirmed the dismissal of Lockhart's

4

appeal on December 7, 2015. (*Id.*, p. 31.)[1] The Pennsylvania Supreme Court denied Lockhart's petition for allowance of appeal. *See Commonwealth v. Lockhart*, 135 A.3d 651 (Pa. Super. Ct. 2015), for text, *see* No. 110 MDA 2015, 2015 WL 8484564 (Pa. Super. Ct. Dec. 7, 2015), *appeal denied*, 635 Pa. 771, 138 A.3d 3 (Pa. 2016).

On November 20, 2016, Lockhart filed an application pursuant to 28 U.S.C. § 2244 with the United States Court of Appeals for the Third Circuit seeking allowance to file a second § 2254 petition based on Ms. Greer's testimony. On December 16, 2016, the Third Circuit Court of Appeals denied his request. *See In re: Lockhart*, C.A. No. 16-4173 (3d Cir. Dec. 16. 2016). In its denial, the appellate court held that:

> Lockhart has not satisfied the requirements for obtaining authorization to file a second or successive § 2254 petition. He has not shown that the relies on either "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," *see* 28 U.S.C. § 2244(b)(2)(A), or newly discovered evidence that "could not have been discovered previously through the exercise of due diligence," and which would show that no reasonable factfinder would have found him guilty, *see* 28 U.S.C. § 2244(b)(2)(B).

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

(*Id.*) (available at the federal judiciary's Public Access to Court Electronic Records ("PACER") service at https://pacer.uscourts.gov/) (last visited Feb. 5, 2021).

On May 15, 2017, Lockhart filed a motion for reconsideration of the PCRA court's December 18, 2014 order.  The PCRA court treated the motion as a new PCRA petition.  In his motion, Lockhart argued he was entitled to relief based on *Commonwealth v. Burton*, 158 A.3d 618 (Pa. 2017).[2]  The PCRA court issued a notice of its intention to dismiss the petition as untimely.  The PCRA court dismissed Lockhart's PCRA petition as untimely on January 11, 2018.  (Doc. 1., p. 29.)  On October 25, 2018, the Superior Court affirmed the PCRA court's dismissal of the PCRA petition.  (*Id.*, p. 33.)  Lockhart did not file a petition for allowance of appeal to the Pennsylvania Supreme Court.

On November 25, 2019, Lockhart filed the instant § 2254 petition challenging his Cumberland County judgment of conviction and raising the following claims for relief:

1. After discovered evidence in the form of exculpating witness testimony that proves "actual innocence;" and

2. *Brady* violation for abuse of Investigation and Disclosure Re: Newly Discovered Evidence.

---

[2] *Burton* is a state law case concerning the newly–discovered facts exception to the PCRA's one–year filing deadline.

(Doc. 1, pp. 5–6.)  Lockhart seeks "a new trial or reverse of judgment of the PCRA findings."  (*Id*. at 14.)

### STANDARD OF REVIEW

Habeas corpus petitions brought under § 2254 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States Courts, 28 U.S.C. § 2254 (1977).  A district court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rules Governing § 2254 Cases, Rule 4; 28 U.S.C. § 2243; *Patton v. Fenton*, 491 F. Supp. 156, 158–59 (M.D. Pa. 1979).  The pertinent authority for dismissing successive habeas petitions is found in 28 U.S.C. § 2244(b) and Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254.[3]

### DISCUSSION

"A state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction.  But he may not usually make a 'second or successive

---

[3] Rule 9 of the Habeas Corpus Rules provides:

> Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

habeas corpus application.'"  *Banister v. Davis*, 140 S.Ct. 1698, 1702 (2020)

(quoting 28 U.S. C. § 2244(b)).  Pursuant to 28 U.S.C. § 2244(b)(3)(A), a

petitioner must obtain permission from the appropriate court of appeals before

filing a second or successive habeas corpus petition in federal district court.

However, the AEDPA does not define the phrase "second or successive."  *Christy*

*v. Horn*, 115 F.3d 201, 208 (3d Cir. 1997) ("While the AEDPA requires this

procedure for second or successive application, it does not define what it is meant

by 'second' or 'successive.'").

A numerically second petition is not necessarily "second or successive"

within the contemplation of the AEDPA if it attacks a different criminal judgment

or if the earlier petition was dismissed without an adjudication on the merits, e.g. if

the dismissal was based on petitioner's failure to exhaust state court remedies, or if

the petition was premature.  *See Stewart v. Martinez–Villareal*, 523 U.S. 637, 643–

46 (1998); *United States v. Santarelli,* 929 F.3d 95, 104–105 (3d Cir. 2019).  Yet,

the dismissal of a § 2254 petition with prejudice, e.g., for failure to comply with

the one–year statute of limitations constitutes an adjudication on the merits that

renders subsequent § 2254 petitions challenging the same conviction second or

successive under § 2244(b).  *See Stokes v. Gehr*, 399 F. App'x 697, 700 n.2 (3d

Cir. 2010) (non–precedential) (a motion under § 2254 would be "second or

successive" when [the] first petition is dismissed as untimely.")  Thus, the bar on unauthorized second habeas petitions must be addressed when the petitioner has previously filed a federal habeas petition challenging the same judgment, and the prior petition was adjudicated on the merits.

Where a state inmate presents a second or successive petition attempting to raise new claims, section 2244(b)(3) mandates the prisoner to first seek an order from the appropriate court of appeals authorizing the filing of such claims.  A district court may not consider a successive petition in the absence of such authorization.  If a petitioner erroneously filed a second or successive habeas petition in a district court without first obtaining permission from the court of appeals, "the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631."  *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

Here, Lockhart's prior habeas petition was addressed on the merits.  Lockhart may not file a second federal habeas petition challenging the same judgment without first seeking, and obtaining, leave of the Third Circuit Court of Appeals.  Although he previously applied to the Third Circuit for such an authorization, it was denied.  Thus, the court lacks jurisdiction to consider his present petition because the Third Circuit Court of Appeals denied Lockhart's request for authorization.  *See* 28

U.S.C. § 2244(b)(3)(A); *see also Burton v. Stewart,* 549 U.S. 147, 152 (2007) (where a state prisoner filed a second or successive habeas petition, and "did not seek or obtain authorization to file in the District Court, the District Court never had jurisdiction to consider it in the first place.").  Accordingly, the court concludes that Lockhart's current petition is properly denied as a second or successive petition challenging his Cumberland County Court of Common Pleas murder conviction and without authorization from the Third Circuit Court of Appeals as required by 28 U.S.C. § 2243(b)(3).

## CONCLUSION

For the foregoing reasons, Lockhart's petition for writ of habeas corpus is dismissed.  A certificate of appealability will not issue because reasonable jurists of reason would not find the procedural disposition of this matter debatable.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  An appropriate order follows.

Dated:  February 22, 2021

s/ Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

10